

Honorable Bruce A. Markell
United States Bankruptcy Judge

**Entered on Docket**
**December 16, 2011**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>Perry M. Lattin and Cynthia M. Lattin,<br><br>        Debtors.<br>_____<br>Perry M. Lattin and Cynthia M. Lattin,<br><br>        Plaintiffs,<br><br>vs.<br><br>Midland Mortgage Company,<br><br>        Defendant.<br>_____ | Case No.: BK-S-11-20101-BAM<br><br>Chapter 13<br><br>Adv. Pro. No.: 11-1284-BAM<br><br><br>Date:   December 13, 2011<br>Time:  2:30 p.m. |

Opinion On Motion to Dismiss

I. Introduction

    This case presents a simple issue: does a bankruptcy court have the power under 11 U.S.C. § 105 to stay creditor actions if the automatic stay has lapsed under 11 U.S.C. § 362(d)(3)? This court finds it does.

II. Background

    The debtors filed their chapter 13 case on June 27, 2011. That filing followed the dismissal of an earlier chapter 13 case on June 16, 2011. The debtors' first case was dismissed because the debtors' previous attorneys did not file the schedules within

the 45-day time limit imposed by Section 521(i). Following dismissal, debtors' current attorneys filed the present case, but they did not seek to extend the automatic stay as permitted by Section 362(c)(3). One consequence of this failure to seek relief under Section 362(c)(3) was that the automatic stay terminated as to both the debtors' property and the property of debtors' estate thirty days after debtors filed their current case. *Reswick v. Reswick (In re Reswick)*, 446 B.R. 362, 373 (B.A.P. 9th Cir. 2011).

On October 10, 2011, the debtors filed this adversary proceeding seeking to enjoin Midland Mortgage Co.,[1] their mortgage lender, from foreclosing on their house. The primary basis for their claim for relief is 11 U.S.C. § 105, although debtors' complaint also requests imposition of the automatic stay as to Midland. Debtors allege that retention of their house is necessary for their financial reorganization, and that their as-yet unconfirmed chapter 13 plan provides legally sufficient treatment of Midland's secured claim.

On November 8, 2011, Midland moved to dismiss. Its motion labeled debtors' request under Section 105 as not "appropriate" because "Section 105(a) empowers the Court to take actions necessary to effectuate other provisions of the Code, but does not empower the Court to rewrite Section 362(c)(3) in order to alter a harsh result." After debtors filed their opposition, the matter was heard on December 13, 2011.

III. Analysis

No one disputes that the stay has terminated as to the debtors' property and as to property of the debtors' estate. What Midland disputes is this court's power, in light of such termination, to enjoin it with respect to estate property.

> *A. Specific Relief Under Section 105(a) Versus Broad Relief Under Section 362(a)*

Midland confuses debtors' requested relief under Section 105(a) with the

---

[1] Midland's response indicates that the proper party is Midfirst Bank.

operation of the automatic stay under Section 362(a). As stated before, there is no doubt that the automatic stay of Section 362(a) has terminated not just as to Midland, but as to all creditors.[2] It is also undoubted that debtors cannot seek reimposition of the stay; they acknowledged at oral argument that they must establish all requirements for traditional injunctive relief in order to prevail. As stated in *Collier on Bankruptcy*, "Unlike the automatic stay, however, a request for relief under section 105 must meet traditional requirements for an injunction, and must be presented and prosecuted in traditional formats." 1 COLLIER ON BANKRUPTCY ¶ 105.03 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2011).

The Ninth Circuit recognizes this distinction. "We have expressly recognized that 'the bankruptcy automatic stay is differentiated from a bankruptcy court-ordered injunction, which issues under 11 U.S.C. § 105.'" *Canter v. Canter (In re Canter)*, 299 F.3d 1150, 1155 n.1 (9th Cir. 2002) (citing *Andreiu v. Reno*, 223 F.3d 1111, 1121 n.4 (9th Cir. 2000) (Thomas, J., dissenting).

*B. Availability of Section 105 Relief When the Automatic Stay Has Terminated*

Indeed, many courts recognize that injunctions under Section 105 can be used to stay creditor activity even if that creditor had received relief from stay under Section 362(d). *See Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood Realty Group, Ltd.)*, 878 F.2d 693, 699-701 (3d Cir. 1989) (injunctive relief available under Section 105(a) when stay has lapsed and debtor has property applied for such relief). *See also* COLLIER, *supra*, ¶ 105.04[3].

Similar authority permits a Section 105(a) injunction even if the activity was exempt from the stay under Section 362(b). *See New Jersey v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, 412 B.R. 657, 664-65 (D. Del. 2009) ("Courts may apply § 105(a) on a case-by-case basis even if the 'bankruptcy code is not operative.'")

---

[2]And to that extent, the court grants Midland's motion to dismiss as to debtors' claim for relief based upon or involving the automatic stay provided for in Section 362(a).

(quoting *Penn Terra Ltd. v. Pennsylvania Dep't of Envtl. Res.*, 733 F.2d 267, 273 (3d Cir. 1984)).  *See also* COLLIER, *supra*, ¶ 105.04[2].[3]

*C. Availability of Relief Under Section 105 After Expiration of Automatic Stay Under Section 362(c)(3)*

Some cases reject this reasoning in the context of Section 362(c)(3).  *See, e.g., In re Garrett*, 357 B.R. 128, 131 (Bankr. C.D. Ill. 2006); *In re Berry*, 340 B.R. 636, 637 (Bankr. M.D. Ala. 2006).[4]  These cases, however, tend to involve a debtor's request to reimpose a broad stay against all creditors without any showing other than the debtor has filed a bankruptcy case.

In contrast, the complaint here seeks to impose a specific injunction, tailored to the facts of this case, against an identified creditor.  That creditor, in turn, has all the procedural protections provided by an adversary proceeding as well as the ability to require that the debtors prove the traditional prerequisites of equitable relief.  The exercise of this type of jurisdiction has always been within the bankruptcy court's power, and remains so.  *See, e.g., In re Radson*, ___ B.R. ___, ___ , 2011 WL 6097989, at *3 (Bankr. S.D. Fla., Dec. 6, 2011); *In re Furlong*, 426 B.R. 303, 308 (Bankr. C.D. Ill. 2010); *In re Aulicino*, 400 B.R. 175, 180 n.2 (Bankr. E.D. Pa. 2008); *Whitaker v. Baxter (In re Whitaker)*, 341 B.R. 336, 346 (Bankr. S.D. Ga. 2006).  *See also* COLLIER, *supra*, ¶ 105.04; *Capital One Auto Finance v. Cowley*, 374 B.R. 601, 605 (W.D. Tex. 2006).

---

[3] As stated in the legislative history: "The effect of an exception is not to make the action immune from injunction. . . .  By excepting an act or action from the automatic stay, the bill simply requires that the trustee move the court into action, rather than requiring the stayed party to request relief from the stay."   S. REP. NO. 95-989, at 51 (1978); H.R. REP. NO. 95-595, at 342 (1977).

[4] The bankruptcy court for the District of Massachusetts reached the same conclusion in *In re Jumpp*, 344 B.R. 21, 27 (Bankr. D. Mass. 2006).  That opinion, however, was later vacated, and its holding on Section 105 suspended.  *See Jumpp v. Chase Home Fin., Inc. (In re Jumpp)*, 356 B.R. 789, 797 (B.A.P. 1st Cir. 2006) ("we decline to comment on . . . the bankruptcy court's conclusion that it lacked the power under section 105(a) to extend the automatic stay.").

IV.     Conclusion

Motion denied in part, granted in part.[5]


Copies sent to:

BNC MAILING MATRIX

CM/ECF ELECTRONIC FILING

# # #

---

[5] The parties did not question whether the debtors have standing to bring their action seeking protection of property of the estate. Debtors in this circuit, however, can bring avoidance actions for the estate's benefit, *Houston v. Eiler (In re Cohen)*, 305 B.R. 886, 899 (B.A.P. 9th Cir. 2004), and thus there should be no impediment to the debtors bringing this action, especially when it seeks to protect estate property and the chapter 13 trustee has not taken action. In other similar contexts, the standing of a debtor bring actions for the estate's benefit is fairly well established. *See Smith v. Rockett*, 522 F.3d 1080, 1082 (10th Cir. 2008) (Fair Debt Collection Practices Act case); *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) (unlawful arrest case); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir. 1999) (disabilities act case); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (2d Cir. 1998) (class action costs); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1210 n.2 (3d Cir. 1992).